# LOSEY

Adam Losey
alosey@losey.law
407.906.1605
www.losey.law

October 8, 2020

Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

cc: Jonathan Shalom (via ECF)

**Re: Tenzer-Fuchs v. Dr. Squatch, Case No. 2:20cv3803**

Dear Judge Kuntz,

We represent defendant The Sasquatch Soap Company, d/b/a Dr. Squatch ("Dr. Squatch") in the above styled action. Pursuant to your Honor's Individual Practices, we write to request a pre-motion conference seeking leave to file a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of all claims against Dr. Squatch. This letter summarizes the basis for such a motion.

Plaintiff brings a claim for disability discrimination under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("Title III" or the "ADA") and alleges that she is unable to fully experience Dr. Squatch's website. Plaintiff claims that this is a violation of the ADA, but she has failed to state a Title III claim against Dr. Squatch as it is exempt from Title III requirements as an exclusively online retailer. Additionally, any claim, even if well pled, is not justiciable as a matter of law because Plaintiff lacks standing to bring her claims. Furthermore, this Court lacks subject matter jurisdiction over Plaintiff's state and local claims. Thus, Plaintiff's Complaint should be dismissed in its entirety.

Dr. Squatch is an online retailer for grooming products. It does not have physical stores or other locations accessible to the public and instead operates entirely online though its website, www.drsquatch.com (the "Website"). Plaintiff is visually impaired. DE 1 at ¶¶ 12, 27. Plaintiff further alleges that she visited the Website but was unable to effectively use it because it failed to comply with certain content accessibility guidelines. DE 1 at ¶¶ 27-34. Based on the alleged inability to access the Website, Plaintiff brought the instant action asserting that Dr. Squatch discriminates against her in violation of Title III.

**Plaintiff's Claims are not Justiciable because Plaintiff Lacks Standing.** A court must dismiss claims where the plaintiff lacks standing to bring them. *See, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecomms.,* 790 F.3d 411, 416-17 (2d Cir. 2015). To establish standing to bring a claim for injunctive relief under the ADA, (1) the plaintiff must allege past injury under the ADA, (2) it must be reasonable to infer that the discriminatory treatment would continue, and (3) it must be reasonable to infer that plaintiff intended to return to patronize the allegedly discriminatory service. *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187-88 (2d Cir. 2013). It is not reasonable to infer a plaintiff's intent to return when the complaint contains only speculative or conclusory allegations that plaintiff will return to patronize defendant's business. *E.g., Small v. Gen. Nutrition*

Honorable William F. Kuntz, II
October 8, 2020
Page 2 of 3



*Cos.*, 388 F. Supp. 2d 83, 87 (E.D.N.Y. 2005). "[A] formulaic recitation of the elements of a cause of action will not do," and a plaintiff must plead more than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's complaint does not allege she ever purchased products from Dr. Squatch. Plaintiff has made no more than a conclusory allegation that she might have, at one point, considered making a purchase from the Website. With no history of patronage of the Website, Plaintiff has suffered no injury giving rise to standing and it is unreasonable to infer that she intends to return in the future. Plaintiff expressly states that she does not intend to return to the Website. DE 1 at ¶ 35. Nonetheless, Plaintiff alleges a conclusory suggestion that she might someday consider returning to the Website. *Id.* This Court cannot form a reasonable inference of Plaintiff's intent to return to the website from her single formulaic statement.

Plaintiff has filed more than twenty actions in this Court in the past three months using near-identical complaints devoid of the distinct, particularized facts required to carry her burden to establish standing. Plaintiff's instant complaint offers no concrete injury beyond a formulaic set of allegations that could be leveled at any commercial website. Thus, Plaintiff's Complaint must be dismissed under Rule 12(b)(1) for lack of standing.

**Plaintiff Fails to Establish Required Elements of a Title III Claim.** Title III claims require a plaintiff to allege: (1) that she is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant has failed to provide the plaintiff equal access to the goods or services provided at such place of public accommodation as a result of plaintiff's disability. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

The weight of national authority holds that places of public accommodation must be physical spaces, or at least have a nexus to a physical space. *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 533-36 (5th Cir. 2016); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613-14 (3d Cir. 1998); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114-15 (9th Cir. 2000); *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1282 (11th Cir. 2002). The Second Circuit has not yet ruled on this issue and the question of whether a website standing alone is covered by Title III remains open. *E.g.*, *Crosson v. Popsockets LLC*, No. 19 CV 200 (CBA)(LB), 2019 U.S. Dist. LEXIS 175824, at *4 n.3, 2019 WL 6134416 (E.D.N.Y. Oct. 8, 2019) (approving consent decree while noting the website issue is not a resolved question in the Second Circuit).

Plaintiff fails to establish that Dr. Squatch owns or operates a place of public accommodation. Because Dr. Squatch does not operate physical retail stores, it is not subject to Title III. Similarly, the Website lacks the required nexus to a physical space to render it subject to Title III. Therefore, Dr. Squatch is not subject to Title III and Plaintiff's Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**This Court Lacks Subject Matter Jurisdiction of Plaintiff's State and Local Claims.** Remaining state and local claims must be dismissed when the anchor federal ADA claim is

Honorable William F. Kuntz, II
October 8, 2020
Page 3 of 3



dismissed. *Eisner v. Cardozo*, 684 F. App'x 29, 32 (2d Cir. 2017). Standing requirements for the state and local claims raised in the Complaint are identical to those under the ADA. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006). As noted above, Plaintiff's ADA claim must be dismissed. Thus, this Court must dismiss the associated state and local claims for lack of jurisdiction. Further, Plaintiff lacks standing to bring her state and local claims for the reasons given above, and such claims must therefore be dismissed.

For the foregoing reasons, Dr. Squatch respectfully requests a conference be held on Dr. Squatch's proposed motion to dismiss. If granted, Dr. Squatch is prepared to file its motion promptly.

Very Truly Yours,

Adam C. Losey, Esq.
N.Y. Bar No. 4848867
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
44 Court Street, Suite 1217,
Brooklyn, NY 11201
(407) 906-1605
alosey@losey.law
docketing@losey.law
Attorneys for Defendant